IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDA LEE BRAUN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-445-RGA |
| RICHARD BOLTON, et al., | : | |
| Defendants. | : | |

Brenda Lee Braun, Lancaster, Pennsylvania, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 3, 2013
Wilmington, Delaware

*[signature: Richard G. Andrews]*
**ANDREWS, U.S. District Judge:**

Plaintiff Brenda Lee Braun filed this action alleging sexual harassment. She appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Apparently, Plaintiff rented from one, or all, of the Defendants. Braun alleges that Defendants sexually harassed her and that Defendant Richard Bolton sexually assaulted her and was always asking for sex. Braun also alleges that Defendants John Bolton and Richard Bolton harassed and threatened her and gave away her belongings when she was not on the property.

Plaintiff alleges that Defendants treated her like a "slave" and required her to sleep on the floor. When Plaintiff asked to sleep on a motor home bed, there was a "big scene and uproar and threatening done by the Bolton family." On February 8, 2013, Plaintiff was told that she had to move and Defendants refused to return "her money and belongings." When she went to retrieve her property on February 20, 2013, she was only given a few personal belongings, and Defendants refused to return the remainder of her property. A state trooper who was present advised Plaintiff to take Defendants to civil court for her belongings. Plaintiff seeks $12,900 in compensatory damages plus costs. Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. §

1915(e)(2) (in forma pauperis actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F .3d 224, 229 (3d Cir. 2008). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her Complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are

separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the Complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The civil cover sheet states that this Court has jurisdiction due to a federal question. Liberally construing the Complaint, as the Court must, it appears that Plaintiff attempts to raise a claim under the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, which prohibits housing discrimination on the basis of gender. *See* 42 U.S.C. § 3601, *et seq.* Under the FHA, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . sex." 42 U.S.C. § 3604(b). In addition, it is unlawful under the FHA "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" any right protected by the act. 42 U.S.C. § 3617.

3

Courts have recognized that sexual harassment is a form of sex discrimination that may violate either § 3604 or § 3617.  *See, e.g., Hall v. Meadowood Ltd. P'ship*, 7 F. App'x 687, 689 (9th Cir. 2001); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996); *Honce v. Vigil*, 1 F.3d 1085, 1090 (10th Cir. 1993); *Shellhammer v. Lewallen*, 770 F.2d 167 (6th Cir. 1985).  Courts have determined that sexual harassment is actionable under the FHA given that Title VIII shares the same purposes as Title VII (wherein a plaintiff may bring a hostile work environment claim), sexual harassment is a form of sex discrimination, and there is overwhelming precedent that recognizes a hostile housing environment claim.  *See Brillhart v. Sharp*, 2008 WL 2857713, at *8 (M.D. Pa. July 21, 2008) (citation omitted).

To make out a claim for discrimination resulting from a hostile housing environment, a plaintiff must show that:  (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected a term, condition, or privilege of housing; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of respondeat superior liability, if alleged.  *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir.1990); *see also Brillhart*, 2008 WL 2857713, at *9.

The Complaint is deficiently pled as it fails to state a claim under the FHA.  Indeed, it fails to meet the pleading requirements of *Twombly* and *Iqbal*.  Therefore, the Court will dismiss the Complaint for failure to state a claim upon which relief may be

4

granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will be given leave to file an Amended Complaint to cure any pleading defects.

    An appropriate order will be entered.